UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
        **Plaintiff,** )
)
v. ) Case No. 13-CR-172-CVE
)
BRIAN LEE LARKINS, )
a/k/a "BRIAN LARKINS," )
)
        **Defendant.** )

# OPINION AND ORDER

Now before the Court are Defendant's First Motion in Limine (Dkt. # 39), Defendant's Requested Jury Instructions (Dkt. # 38), and Defendant's Trial Brief (Dkt. # 40). Defendant asks the Court to exclude all reference to two Tulsa County District Court cases, case numbers CF-2012-3375 and CF-2012-5086.[1] Dkt. # 39 at 2. Defendant's motion in limine also prays that counts two and three of the second superseding indictment be dismissed. Id. at 2-3. Defendant has also requested several jury instructions associated with these requests. Dkt. # 38.

## I.

On December 2, 2013, a grand jury returned a second superceding indictment charging defendant with possession of unregistered silencers in violation of 26 U.S.C. §§ 5861(d), 5871 (count one), receipt and transportation of a firearm while under indictment in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D) (count two), possession of an explosive while under indictment in violation of 18 U.S.C. §§ 842(i), 844 (count three), possession of unregistered destructive device in violation

---

[1]     Defendant's motion also seeks the exclusion of reference to two City of Tulsa Municipal Court convictions. The Court has previously granted this part of defendant's motion. Dkt. # 45.

of 26 U.S.C. §§ 5861(d), 5871 (count four), and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) (count five). Dkt. # 42. The second superseding indictment also contains a firearm forfeiture allegation and an explosive forfeiture allegation. Id. at 5, 7. This case is set for trial on December 16, 2013.

The underlying cases for the "while under indictment" element of counts two and three are State v. Larkins, No. CF-2012-3375 (Tulsa Cnty. Dist. Ct. filed Aug. 1, 2012), and State v. Larkins, No. CF-2012-5086 (Tulsa Cnty. Dist. Ct. filed Nov. 13, 2012).[2] The procedural history of those two cases is as follows: On August 1, 2012, an information was filed in Tulsa County District Court charging defendant with unlawful possession of a controlled drug, knowingly concealing/receiving stolen property, unlawful possession of drug paraphernalia,[3] and possession of explosives without a permit. Information, Larkins, No. CF-2012-3375 (Aug. 1, 2012) (Serial # 82442504). Defendant pleaded guilty and sentencing was deferred for five years. Larkins, No. CF-2012-3375 (Sep. 10, 2012) (Serial # 82835379); Larkins, No. CF-2012-3375 (Oct. 22, 2012) (Serial # 83371133). On October 2, 2013, the State of Oklahoma filed an application to accelerate judgment and sentence. Application to Accelerate Judgment and Sentence, Larkin, CF-2012-3375 (October 2, 2013) (Serial # 86945519).

---

[2] Although defendant has not provided a copy of the state court records, the state court docket sheets and state court documents are available to the public at www.oscn.net. Under Fed. R. Evid. 201(b), the Court may take judicial notice of public records and this includes pleadings, docket sheets, and orders in these cases and other related cases. Luis v. Argent Mortg. Co., LLC, No. 13-CV-490-JED-PJC, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013).

[3] This count's maximum sentence does not exceed one year. Okla. Stat. tit. 63, § 2-410. Therefore, it cannot serve as the underlying basis for either "under indictment" offense. See 18 U.S.C. §§ 842(i), 922(n) (applying only to those under indictment for crimes punishable by terms of imprisonment exceeding one year). However, the other three counts are punishable by imprisonment for a term of over one year.

2

On November 13, 2012, an information was filed in Tulsa County District Court charging defendant with knowingly concealing/receiving stolen property. Information, Larkins, No. CF-2012-5086 (Nov. 13, 2012) (Serial # 83574024). Defendant pleaded guilty and sentencing was deferred for two years, to run concurrently with his previous deferred sentence. Larkins, No. CF-2012-5086 (Feb. 22, 2013) (Serial # 84587968).

**II.**

In spite of the lack of a motion to dismiss counts two and three, this Court will consider defendant's request to dismiss the two counts. This Court will also consider the requested jury instructions associated with defendant's motion in limine and trial brief. Defendant makes four major arguments: that "under indictment" does not include charges filed by information, that a defendant who has received a deferred sentence is not "under indictment," that 18 U.S.C. § 922(n) and 18 U.S.C. § 842(i) are void for vagueness, and that the rule of lenity should be applied.

**III.**

**A: "Under Indictment" Includes Charges Filed By Information**

Defendant's Requested Jury Instructions (Dkt. # 38) repeatedly assert that, if the prior offenses underlying counts two and three were charged via information rather than indictment, defendant must be found not guilty.[4] The statutes that counts two and three allege defendant has

---

[4] Requested Jury Instruction Number Two states that defendant must be found not guilty of a violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D) if the underlying offense was charged via information rather than indictment. Dkt. # 38, at 2. Requested Jury Instruction Number Three states that defendant must be found not guilty of a violation of 18 U.S.C. §§ 842(i), 844 if the underlying offense was charged via information rather than indictment. Id. Requested Jury Instruction Number Five states that defendant must be found not guilty of a violation of 18 U.S.C. §§ 922(n) if the charging document of the underlying offense was not signed by a grand-jury foreman. Id. at 3. Requested Jury Instruction Number Six provides the jury with defendant's theory that "under indictment" does not include instances

3

violated both require that the accused be "under indictment."  18 U.S.C. §§ 841(i), 922(n). "Indictment," as it is used in 18 U.S.C. 922(n), "includes an indictment or information . . . ." <u>Id.</u> § 921(a)(14).  Additionally, the Tenth Circuit has held that 18 U.S.C. § 842(i) applies to those who have been charged by information.  <u>United States v. Fillman</u>, 162 F.3d 1055, 1058 (10th Cir. 1998). Jury instructions must fairly state the governing law. <u>United States v. Johnston</u>, 146 F.3d 785, 792 (10th Cir. 1998).  Defendant's requested instructions are contrary to law, and will not be provided to the jury.  In either instance, an information is sufficient to satisfy the "under indictment" element. Counts two and three will not be dismissed on this ground.

**B: The Charges Are Still Pending and Defendant Remains "Under Indictment"**

Defendant argues that, because he has received deferred sentences in his underlying offenses, he is not "under indictment." Dkt. # 40, at 14.  Defendant further argues that "under indictment" refers only to the period between being charged with a crime and either entering a plea of guilty or "having a trial." <u>Id.</u>  Defendant asserts, without authority, that the purpose of 18 U.S.C. § 922(n) and 18 U.S.C. § 842(i) is to "prevent retaliation against those who testified before the grand jury and caused their indictment, and/or those who will testify against them at the upcoming jury trial." Dkt. # 40, at 6.  Defendant's motion in limine requests that counts two and three be dismissed for this reason.  Dkt. # 39, at 3.

To determine whether a defendant is "under indictment," a federal court looks to state law. <u>United States v. Hill</u>, 210 F.3d 881, 883 (8th Cir. 2000); <u>see also</u> <u>United States v. Stober</u>, 604 F.2d 1274, 1278 (10th Cir. 1979) (applying Oklahoma law to determine if a deferred judgment constituted

---

where a defendant has been charged via information. <u>Id.</u> at 3-4. Requested Jury Instruction Number Seven states that, if defendant was not under indictment, he must be found not guilty, without specifying the particular statute at issue. <u>Id.</u> at 4.

a "conviction" under 18 U.S.C. § 922).[5] This Court will therefore look to Oklahoma law.

Two circuit courts have previously analyzed whether a defendant subject to deferred proceedings is still "under indictment." The Fifth Circuit has held that "under indictment" includes those subject to a deferred adjudication in Texas. United States v. Valentine, 401 F.3d 609, 616 (5th Cir. 2005); see also United States v. Lewis, 111 Fed App'x 52, 54-55 (2d Cir. 2004) (holding that charges remain pending when their adjudication is suspended while a defendant participates in an accelerated rehabilitation program). The court in Valentine reasoned that, while a defendant is under deferred adjudication, a charge remains pending against him and he is, therefore, still "under indictment." 401 F.3d at 616. Conversely, the Eighth Circuit has held that "under indictment" does not include those subject to a suspended sentence in Missouri. United States v. Hill, 210 F.3d 881, 884 (8th Cir. 2000). The court in Hill reasoned that, under Missouri law, the primary purpose of an indictment is to provide notice to a defendant of the charge against him and that, upon entering a plea of guilty, the indictment is extinguished. Id. But see id. at 884 (Beam, J., dissenting) (remarking that the district court's holding that a suspended sentence constitutes being under indictment is tenable and would avoid creating a loophole in federal firearm law).

In Oklahoma, the filing of an information triggers a trial court's jurisdiction. Parker v. State, 917 P.2d 980, 985 (Okla. Crim. App. 1996). The information also serves to provide a defendant with notice of the charges against him. Id. Under Oklahoma law, a "deferred sentence" is not a

---

[5] Alternatively, the Fifth Circuit has held that "under indictment" should be defined on the basis of federal common law, which may be informed by state law. United States v. Valentine, 401 F.3d 609, 615 (5th Cir. 2005). This would result in a similar analysis, although the case for defining "under indictment" to include deferred sentences would be made even stronger by virtue of wanting to avoid creating what the court in Hill refers to as "a gap in the federal firearms laws." 210 F.3d at 884.

5

conviction.[6] Belle v. State, 516 P.2d 551, 552 (Okla. Crim. App. 1973). A "deferred sentence" is only a conditional order; it is not a judgment and sentence. Nguyen v. State, 772 P.2d 401, 403 (Okla. Crim. App. 1989), overruled on other grounds by Gonseth v. State, 871 P.2d 51, 54 (Okla. Crim. App. 1994); see also United States v. Hutchinson, 483 Fed. App'x 681, 683 (10th Cir. 2011).[7] The district court retains jurisdiction over the matter while the defendant is subject to a deferred sentence. Nguyen, 772 P.2d at 403. A charge against a defendant is not dismissed until the completion of the deferred sentence. Platt v. State, 188 P.3d 196, 198-199 (Okla. Crim. App. 2008); see also United States v. Hutchinson, 483 Fed. App'x 681, 683 (10th Cir. 2011). Oklahoma case law suggests that when a defendant receives a deferred sentence, a charge is still pending and the defendant remains "under indictment." Oklahoma's deferred sentencing statutes also support this conclusion.

Oklahoma has two deferred sentencing provisions, Okla. Stat. tit. 22, § 991c and Okla. Stat. tit. 63, § 2-410. The pertinent provisions of section 991c state:

> A. Upon a verdict or plea of guilty . . . but before a judgment of guilt, the court may, without entering a judgment of guilt . . . defer further proceedings upon the specific conditions prescribed by the court not to exceed a ten-year period. . . .
>
> C. Upon completion of the conditions of the deferred judgment . . . the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty . . . to be expunged from the record and the charge shall be

---

[6] However, a deferred sentence may be treated as a conviction in certain circumstances. See Okla. Stat. tit. 63, § 2-410(B) (allowing a deferred sentence to be treated as a conviction for the purposes of criminal statutes which require a prior conviction); Gonseth v. State, 871 P.2d 51, 54 (Okla. Crim. App. 1994) (holding that, for the purposes of appealing a trial court's denial of a motion to withdraw a guilty plea, a deferred sentence is a conviction, albeit only according to a less-commonly used definition).

[7] This and other unpublished opinions are cited for their persuasive value. See 10th Cir. R. 32.1(A).

> dismissed with prejudice to any further action. . . .

Okla. Stat. tit. 22, § 991c. The pertinent provisions of section 2-410 state:

> A. Whenever any person who has not previously been convicted of any offense under this act or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty . . . to . . . a violation of the Uniform Controlled Dangerous Substances Act, the court may . . . without entering a judgment of guilt . . . defer further proceedings and place the person on probation upon such reasonable terms and conditions as it may require . . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction . . . .
>
> B. Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction . . . provided, that, any plea of guilty . . . to a violation of the Uniform Controlled Dangerous Substances Act shall constitute a conviction of the offense for the purpose of the Uniform Controlled Dangerous Substances Act or any other criminal statute under which the existence of a prior conviction is relevant for a period of ten (10) years following the completion of any court imposed probationary term . . . .

Okla. Stat. tit. 63, § 2-410.

Section 2-410 automatically applies to the deferrals of first time offenders of the Uniform Controlled Dangerous Substance Act. United States v. Hutchinson, 438 Fed. App'x 681, 685 (10th Cir. 2011). Two of the four counts (Unlawful Possession of a Controlled Drug and Unlawful Possession of Drug Paraphernalia) alleged against defendant in CF-2012-3375 were violations of the Uniform Controlled Substance Act. Information, State v. Larkins, No. CF-2012-3375 (Tulsa Cnty. Dist. Ct. Aug. 1, 2012) (Serial # 82442504). The deferred sentence for these charges is automatically under section 2-410. See Hutchinson, 438 Fed. App'x at 685. The other two counts did not allege Uniform Controlled Substance Act violations. Id. It is unclear which deferral statute applies to each count in the case of a "mixed information" (i.e., an information in which some, but

not all, of the charges alleged fall under the Uniform Controlled Dangerous Substances Act). This Court need not decide this question of Oklahoma law, as the result will be the same whether the non-drug charges are deferred under section 991c or section 2-410. The only count alleged against defendant in CF-2012-5086 was not a Uniform Controlled Dangerous Substance Act violation. Information, State v. Larkins, No. CF-2012-5086 (Tulsa Cnty. Dist. Ct. Nov. 13, 2012) (Serial # 83574024). Therefore, it is a section 991c deferred sentence.

Section 2-410 specifies that, under certain circumstances, a court may "defer further proceedings" and impose a term of probation. Okla. Stat. tit. 63, § 2-410(A). The proceedings are not discharged or dismissed until the completion of the deferred sentence. Id. Section 991c also allows a court to "defer further proceedings." Okla. Stat. tit. 22, § 991c(A). As in the case of section 2-410, the charges are not dismissed until the conditions of deferred judgment are completed. Id. § 991c(C). Both deferred sentencing statutes support the proposition that, in Oklahoma, a deferred sentence leaves the charges still pending and the defendant still "under indictment."

The trial court documents in defendant's underlying cases also strengthen the argument that the charges against him are still pending and that he is "under indictment." At sentencing in CF-2012-3375, the court declared the sentencing proceedings "DEFER[ED] FOR FIVE (5) YEARS." Larkins, No. CF-2012-3375 (Oct. 22, 2012) (Serial # 83371133) (emphasis in original). Defendant's plea of guilty also specified that the sentencing date was merely "deferred" until October 16, 2017. Plea of Guilty - Summary of Facts, Larkins, No. CF-2012-3375 (Oct. 25, 2012) (Serial # 83421066), at *5. Each of the orders for deferred sentence stated that only "upon completion of the term of deferred sentence" would "the charge be dismissed," that a violation of the deferred sentence would result in "this Order of Deferred be[ing] immediately revoked . . . and that sentence be imposed,"

8

and that "[f]urther proceedings . . . are hereby stayed and deferred."  Order of Deferred Sentence, Larkins, No. CF-2012-3375 (Oct. 26, 2012) (Serial # 83427552); Order of Deferred Sentence, Larkins, No. CF-2012-3375 (Oct. 26, 2012) (Serial # 83427557); Order of Deferred Sentence, Larkins, No. CF-2012-3375 (Oct. 26, 2012) (Serial # 83427635); Order of Deferred Sentence, Larkins, No. CF-2012-3375 (Oct. 29, 2012) (Serial # 83442259).

Defendant's plea of guilty in CF-2012-5086 also specified that the sentencing date was merely "deferred."  Plea of Guilty - Summary of Facts, Larkins, No. CF-2012-5086 (Feb. 25, 2013) (Serial # 84624790), at *5.  The order of deferred sentence in this case also stated that only "upon completion of the term of deferred sentence" would "the charge be dismissed," that a violation of the deferred sentence would result in "this Order of Deferred be[ing] immediately revoked . . . and that sentence be imposed," and that "[f]urther proceedings . . . are hereby stayed and deferred." Order of Deferred Sentence, Larkins, No. CF-2012-5086 (Mar. 1, 2013) (Serial # 84690358).

Oklahoma law clearly establishes that a deferred sentence does not end criminal proceedings. This Court reasons, as did the court in Valentine, that this leaves a charge pending and the defendant "under indictment."  This Court sees no reason to conclude, as the court in Hill did (albeit applying Missouri law), that an information is extinguished upon entering a guilty plea.  Defendant remains "under indictment" while he is subject to his deferred sentences.  Counts two and three should not be dismissed based on this ground.

**C: Neither Statute is Void For Vagueness**

Defendant argues that 18 U.S.C. § 841(i) and 18 U.S.C. § 922(n) are so vague as to be unenforceable, at least as they apply to those serving deferred sentences.  Dkt. # 40, at 10-12.

9

Defendant argues that ordinary persons lack notice of what conduct the statutes prohibit.[8] Requested Jury Instruction Number Nine also instructs the jury to apply the void-for-vagueness doctrine. Dkt. # 38, at 4-5.

Whether a law is void for vagueness is for the court to determine. United States v. House, 684 F.3d 1173, 1207 (11th Cir. 2012). Defendant's requested jury instruction on vagueness will not be presented to the jury.

"The void-for-vagueness doctrine provides that a penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" United States v. Michel, 446 F.3d 1122, 1135 (10th Cir. 2006) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)). "[I]n evaluating whether a law is vague, we must . . . not deem void for vagueness those laws which are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." (quoting Broadrick v. Oklahoma, 413 U.S. 601, 608 1975)) (internal quotation marks omitted). "[A]

---

[8] Regardless of whether defendant had notice that he was "under indictment" and subject to penalty for possessing firearms and explosives because he was "under indictment," defendant clearly had notice that he could not legally possess either firearms or explosives. A condition of defendant's deferred sentence was that he could not "own, carry or possess firearms or ammunition of any type." Order of Deferred Sentence, Larkins, No. CF-2012-3375 (Oct. 26, 2012) (Serial # 83427552). Even if defendant lacked notice that a federal statute prevented him from possessing firearms, he assuredly had notice that his deferred sentence prevented him from possessing them. Additionally, a deferred sentence under section 2-410 constitutes a conviction for the purposes of any criminal statute for which a prior conviction is relevant. Okla. Stat. tit. 63, § 2-410; Platt v. State, 188 P.3d 196, 198 (Okla. Crim. App. 2008); see also United States v. Hutchinson, 438 Fed. App'x 681, 684 (10th Cir. 2011). Defendant clearly could have been charged under 18 U.S.C. § 842(i) or 18 U.S.C. § 922(g)(1), assuming he actually possessed firearms or explosives, and these statutes provide notice that he may not possess a firearm or explosives.

10

challenge for vagueness will fail if a reasonable person would have known from the language of the statute that his or her conduct was at risk." United States v. Molina, 484 Fed. App'x 276, 283 (10th Cir. 2012); see also Maynard v. Cartwright, 486 U.S. 356, 361 (1988) ("Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk."). "When considering a vagueness challenge to a penal statute, courts begin with the presumption that the statute comports with the requirements of federal due process and 'must be upheld unless satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution.'" United States v. Welch, 327 F.3d 1081, 1094 (10th Cir. 2003) (quoting United States v. LaHue, 261 F.3d 993, 1004 (10th Cir. 2001)). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975).

This Court finds that the langauge of 18 U.S.C. § 841(i) and 18 U.S.C. § 922(n) are sufficiently definite to let a person of ordinary intelligence know that he violated the statute. The statutes inform an ordinary person that those under felony indictment may not possess firearms or explosives. Section 841(i) also informs an ordinary person that someone convicted of a felony offense may not possess explosives and section 922(g)(1) informs an ordinary person that someone convicted of a felony offense may not possess a firearm. These statutes would lead an ordinary person to realize that someone indicted on a felony offense may not possess a firearm or explosive until the charges against them have been dismissed, expunged, or otherwise favorably disposed of. At the very least, they certainly inform an ordinary person that, if she has an undismissed felony indictment and possesses a firearm or explosive, as is alleged in the instant case, her conduct is at

11

risk.

Defendant had a felony information filed against him and the information had not been dismissed, expunged, or otherwise disposed of. It was still pending and defendant was presumptively aware that he was still subject to sanction if he were to violate his deferred sentences' terms and conditions. The statutes gave defendant sufficient notice of the risk that his actions violated federal law. The presumption of constitutionality has not been overcome. Neither 18 U.S.C. § 922(n) nor 18 U.S.C. § 842(i) is unconstitutionally vague; neither should be dismissed for vagueness.

**D: The Rule of Lenity Does Not Apply**

Defendant argues that the rule of lenity requires counts two and three to be dismissed, as there is impermissible ambiguity as to whether "under indictment" includes a defendant subject to a deferred sentence. Dkt. # 40, at 8-10. Requested Jury Instruction Number Eight instructs the jury to apply the rule of lenity. Dkt. # 38, at 4-5.

Whether the rule of lenity should apply is a pure question of law. United States v. Molina, 484 Fed. App'x 276, 282-83 (10th Cir. 2012). Legal questions are reserved to the courts, not to the jury. Gonzales v. Duran, 590 F.3d 855, 860 (10th Cir. 2009). Defendant's requested jury instruction on the rule of lenity will not be presented to the jury.

"Courts apply the rule of lenity to resolve ambiguities in favor of a defendant when a criminal *statutory* term is ambiguous and cannot be clarified by the statute's history or structure." United States v. Metzener, 584 F.3d 928, 935 (10th Cir. 2009) (emphasis in original) (quoting United States v. Booth, 551 F.3d 535, 541 (6th Cir. 2009)). "The rule of lenity, however, applies only in cases where there is a grievous ambiguity or uncertainty in the language and structure of a

12

provision." United States v. Onheiber, 173 F.3d 1254, 1256 (10th Cir. 1999) (quoting United States v. Wilson, 10 F.3d 734, 736 (10th Cir. 1993)) (internal quotation marks omitted). "The rule's application is limited to cases where, after reviewing all available relevant materials, the court is still left with an ambiguous statute." United States v. Wilson, 10 F.3d 734, 736 (10th Cir. 1993).

The term "under indictment" as used in 18 U.S.C. § 922(n) and 18 U.S.C. § 842(i) is not sufficiently ambiguous for the rule of lenity to apply. "Under indictment" is defined either by looking to state law (the Hill approach) or by federal common law, which is informed by state law (the Valentine approach). Any ambiguity in which approach is appropriate is moot, as, in this case, both approaches lead to the same result. After consulting all relevant material, Oklahoma law is not ambiguous; a deferred sentence leaves a defendant still "under indictment." The rule of lenity is inapplicable and neither count two nor three should be dismissed on account of it.

Defendant has failed to establish that counts two and three should be dismissed. An essential element of both count two and count three is that defendant is "under indictment." Because this is an essential element, reference to CF-2012-3375 and CF-2012-5086 is appropriate to demonstrate that defendant was, in fact, under indictment. Defendant's request that reference to them be excluded from trial should be denied.

**IT IS THEREFORE ORDERED** that Defendant's First Motion in Limine (Dkt. # 39) is **granted in part and denied in part**; it is granted as to the first ground, the exclusion of reference to two City of Tulsa Municipal Court convictions, and denied as to the remainder.

**DATED** this 11th day of December, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE